ROBERT WISNIEWSKI P.C.
40 Wall Street, Suite 2833
New York, New York 10005
(212) 267-2101
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
TADEUSZ JACH,
                    Plaintiff,

        -against-

YESHIVATH VIZNITZ D'KHAL TORATH
CHAIM INC. and ALLIE PINKASOVITS,

                  Defendants.
-----------------------------------------------------------X

**Docket No.:**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Tadeusz Jach ("Jach"), by his attorneys, Robert Wisniewski P.C., as and for his Complaint against Yeshivath Viznitz D'Khal Torath Chaim Inc. ("Yeshiva Viznitz" or the "Corporate Defendant") and Allie Pinkasovits ("Pinkasovits" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant are collectively referred to as "Defendants"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action to recover unpaid overtime wages, liquidated damages, interest and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law and the various wage orders promulgated thereunder by the New

York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 135-146 ("New York Labor Law").

## PARTIES, JURISDICTION AND VENUE

2. At all relevant times herein Plaintiff Jach, a former employee of the Defendants, was and is a resident of the State of New York, Rockland County.

3. At all relevant times, Defendant Yeshiva Viznitz was and is a domestic religious corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business at 15 Elyon Road, Monsey, NY 10952.

4. At all relevant times, Defendant Pinkasovitz, an officer, director, or manager of the Corporate Defendant, was and is a resident of the State of New York, Rockland County.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 in that they are so related to claims in the action within the court's original jurisdiction that they form part of the same case or controversy.

6. Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of the Defendants employ, handle, and sell goods that have been moved in or produced for interstate commerce (including raw ingredients, prepared food items, kitchen tools and appliances, cleaning supplies, and other items), such that Defendants are employers subject to the jurisdiction of the FLSA.

7. This Court has personal jurisdiction over the Defendants because the Corporate Defendant because it is incorporated in the State of New York and has its principal place of business therein, and because the Individual Defendant is domiciled in the State of New York.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b), because substantial events giving rise to Plaintiff's claims occurred in this district, and one or more Defendants reside therein.

## JURY DEMAND

9. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

10. Yeshiva Viznitz is a religious corporation that owns and operates an Orthodox Jewish school for women, located at 1 School Terrace, Monsey, NY 10952 (the "School").

11. In or around the beginning of December of 1997, Plaintiff Jach entered into an oral contract with the Defendants whereby Plaintiff agreed to serve as a handyman at Corporate Defendant's School.

12. As of the day of this Complaint, Plaintiff is still employed by Defendants as a handyman at tits School.

13. Plaintiff's agreed on work duties include general maintenance work, making repairs to the School building, and setting up props and furniture for all of the School's activities.

14. For the past six (6) years of his employment for Defendants, Plaintiff has regularly worked six (6) days a week, Monday through Friday, from 7:00 a.m. to 5:00 p.m., and on Sundays, from 11:00 a.m. to 3:00 p.m., for a total of fifty-four (54) hours per week.

15. Despite regularly working well over forty (40) hours per week, Plaintiff was never paid by Defendants at the premium overtime rate of one and a half of his regular hourly rate for the hours he worked in excess of forty (40) hours per week.

16. Furthermore, Defendants never provided Plaintiff with wage notices and wage statements required under NYLL §§ 195.1 and 195.3.

17. NYLL §195.1 mandates that as of 2011 every employer must present a wage notice specifying, among others, regular pay rate and overtime rate, to an employee and when the wage rate changes.

18. Throughout Plaintiff's employment, Defendants never presented Plaintiff with a wage notice in accordance with NYLL §195.1, whether at the beginning of his employment, or whenever the wage rate was changed, or on at least on two occasions.

19. In addition, NYLL §195.3 and Wage Order §142-3.8 call for the employer to furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, and other information set forth in the statute and the wage order.

20. Each pay period, Plaintiff was paid by Defendants by check, but the checks never listed his hours worked or his rate of pay payment in direct contravention of NYLL §195.3 and Wage Order §142-3.8.

21. Further, Defendants were always late in paying Plaintiff's weekly wage payments. NYLL § 191(1)(a) provides that "[a] manual worker a manual worker employed ... by a non-profitmaking organization shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly."

22. Plaintiff was and is a "manual worker" within the meaning of this term under NYLL because he spends more than 25% of her work time on physical labor. Plaintiff had an agreement with Defendants whereby Plaintiff was to be paid wages on the fifteenth and the last day of each month. However, Defendants were always at least one week late in paying Plaintiff for the wages Plaintiff earned in any given pay period.

23. Throughout the course of his employment, and on occasions too numerous to list, Plaintiff complained to Individual Defendant that he was never paid properly or on time by the

Defendants. Each such complaint was met by Individual Defendant with ignorance and suggestion that Plaintiff should just retire if he does not like the manner in which he is getting paid.

### *Defendants' Failure to Pay Proper Wages was Willful*

24. Defendants as employers have certain statutory obligations towards their employees, including paying employees for all of the hours they worked, paying the overtime premium of one-and-a-half times their regular rate for each hour worked in excess of forty (40) per week, and making, keeping, and preserving proper payroll records.

25. Defendants were aware of their requirement to pay Plaintiff the overtime premium of one-and-a-half times his regular rate for each hour worked in excess of forty (40) per week.

26. Nevertheless, Defendants failed to pay Plaintiff his proper wage rates, including overtime wages.

27. Defendants further willfully disregarded and purposefully evaded record keeping requirements of the FLSA and New York Labor Law by failing to maintain proper payroll records by not issuing to Plaintiff checks listing his hours worked or his pay rate.

28. As such, the various violations of the law which are alleged herein were committed intentionally and willfully by Defendants.

29. At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

### *Facts Relating to the Defendants' Status as Joint Employers*

30. At all relevant times herein, Corporate Defendant was and is controlled by the Individual Defendant.

31. At all relevant times herein, the Individual Defendant conducted business as each of the Corporate Defendants.

32. At all relevant times herein, the Individual Defendant acted for and on behalf of the Corporate Defendants, with the power and authority vested in him as an officer, agent, and employee of the Corporate Defendants, and acted in the course and scope of his duty and function as agent, officer and employee of the Corporate Defendants.

33. At all relevant times herein, the Individual Defendant directly managed, handled, or was otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or issuing checks to Plaintiff.

34. Corporate Defendant was Plaintiff's employer because Plaintiff was paid by it and it was benefitted by Plaintiff's work.

35. The Individual Defendant had control over the conditions of employment of Plaintiff, including his hiring and firing, his work schedule, the rate and method of payment of his wages, and the maintenance of his employment records.

36. At all relevant times herein, the Individual Defendant had operational control over the Corporate Defendant.

37. As a matter of economic reality, all Defendants are joint employers of Plaintiff; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

### FIRST CLAIM FOR RELIEF
### (FLSA Against All Defendants)

38. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

39. Plaintiff is person covered by, and/or intended to benefit from, the provisions of the FLSA with respect to his work for Defendants.

40. Pursuant to the FLSA, Plaintiff was entitled to certain overtime wages, which Defendants intentionally and willfully failed to pay in violation of such laws.

41. Plaintiff regularly worked in excess of forty (40) hours per week for Defendants, but he did not receive the proper overtime wages to which he was entitled for all hours worked.

42. Accordingly, Plaintiff seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff, along with an award of liquidated damages, interest, and attorneys' fees and costs, as provided for by the FLSA.

## SECOND CLAIM FOR RELIEF
### (Unpaid Overtime Wages in Violation of NYLL)

43. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

44. Plaintiff is person covered by, and/or intended to benefit from, the provisions of the New York Labor Law with respect to his work for Defendants.

45. Pursuant to the New York Labor Law, Plaintiff was entitled to certain regular and overtime wages, which Defendants intentionally and willfully failed to pay in violation of such laws.

46. Plaintiff regularly worked in excess of forty (40) hours per week for Defendants, but did not receive the proper wages and overtime wages to which he was entitled for all hours worked.

47. Accordingly, Plaintiff seeks a judgment for unpaid minimum and overtime wages,

such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff, along with an award of liquidated damages, interest, and attorneys' fees and costs, as provided for by the New York Labor Law.

### THIRD CLAIM FOR RELIEF
### (NYLL Wage Statement Violation)

48. Plaintiff repeats and realleges each and every allegation previously set forth.

49. Pursuant to New York Labor Law 195.3 and the Wage Order §142-3.8, employers must provide an accurate wage statement with each payment of wages. Wage statements must include, among other information "the dates of work covered by that payment of wages; name of employee; address and phone number of employer; rate or rates of pay and basis thereof" and, where applicable, the overtime rate of pay.

50. In violation of the NYLL, Defendants did not furnish Plaintiff with wage statements that show the employee's rate or rates of pay, the number of hours worked, or record the proper pay rate for Plaintiff's overtime hours.

51. Accordingly, Plaintiff seeks damages allowed by the statute for himself and others similarly situated as well as attorney fees, costs and disbursements.

### FOURTH CLAIM FOR RELIEF
### (NYLL Wage Notice Violation)

52. Plaintiff repeats and realleges each and every allegation previously set forth.

53. New York Labor Law § 195.1 mandates as of January 2011 that at various statutorily-delineated events each employee employed by Defendants receive for signature a Wage Notice, which has to contain the following wage information: (i) the basis of the employee's wage rates e.g., by the hour, shift, day, week, salary piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the

employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

54. Plaintiff never received for signature the Wage Notice and never received any other paystubs or documents which might show the information required by NYLL § 195.1.

55. Accordingly, Plaintiff seeks damages allowed by the statute for himself and others similarly situated as well as attorney fees, costs and disbursements.

### FIFTH CLAIM FOR RELIEF
### (Violation of NYLL §191(1)(a))

56. Plaintiff repeats and realleges each and every allegation previously set forth.

57. Plaintiff was a manual worker as defined by the NYLL.

58. Plaintiff was entitled to be paid in accordance with his agreement with Defendants whereby Plaintiff was to be paid wages by Defendants semi-monthly, on the fifteenth and the last day of each month.

59. Defendants willfully failed to pay Plaintiff in a timely manner and were always at least one (1) week late in paying Plaintiff for the wages Plaintiff earned in any given pay period.

60. Plaintiff seeks damages allowed by the statute.

**[No More Text on This Page]**

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

    a.    Compensatory damages for himself and the class in an amount to be determined at trial;

    b.    Liquidated damages pursuant to the FLSA and New York Labor Law;

    c.    Pre-judgment interest; and

    d.    Plaintiff's costs, disbursements and reasonable attorney's fees;

Together with such other and further relief that the Court deems just.

Dated: New York, NY
       August 11, 2020

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski
40 Wall Street, Suite 2833
New York, New York 10005
Tel.: (212) 267-2101
*Attorneys for Plaintiff*